**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **ROGER LEWIS JENAN,** | ) | CV F 04-6615  AWI LJO |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | ORDER DENYING |
| v. | ) | PLAINTIFF'S MOTION TO |
| | ) | AMEND FINDINGS, |
| **DEBRA BERG; and BERNARD A. TE** | ) | VACATING PLAINTIFF'S |
| **VELDE,** | ) | MOTION FOR DEFAULT AND |
| | ) | DIRECTING CLERK TO |
| **Defendant**s | ) | RETURN NON-REDACTED |
| | ) | EXHIBIT |

[Documents #21, #24, and #25]

In this complaint by plaintiff Roger Lewis Jenan ("Plaintiff") for conversion and reconveyance, the court previously issued an order granting the motion to dismiss of defendants Debra Berg and Bernard A. TeVelde ("Defendants").  The motion to dismiss was granted without leave to amend on February 2, 2005, on the ground there is no basis for subject matter jurisdiction, and the case was ordered closed.  Doc. 14.  On February 14, 2005, Plaintiff moved for reconsideration of the court's dismissal.  That motion was denied on April 6, 2005.  However, in denying Plaintiff's motion for reconsideration, the court noted that Plaintiff had submitted a document titled Exhibit "A," which contained un-redacted personal private information.  The court ordered Exhibit "A" sealed for a 60-day period of time and granted Plaintiff leave to submit a redacted exhibit which could be properly filed.

Doc. 20. The instant motion to "Amend Findings Based on False Information and Misrepresentation Filed by Defendants" (motion to amend findings") was filed on April 20, 2005. The court notes that Plaintiff has submitted an amended version of previously-submitted Exhibit "A," from which the personal private information of Plaintiff has been redacted.

The court has examined Plaintiff's memorandum in support of the motion to amend findings. The court finds the argument set forth there to support of subject matter jurisdiction repeats the arguments previously asserted by Plaintiff in his opposition to Defendants' motion to dismiss and in Plaintiff's motion for reconsideration filed February 14, 2005. Plaintiff's motion to amend findings has added nothing new to the arguments. The court again rejects Plaintiff's assertion of subject matter jurisdiction based on diversity, admiralty, and federal question for the reasons previously set forth in its orders of February 2, 2005, and April 6, 2005.

Plaintiff also appears to be requesting that the court amend "findings" previously made concerning the factual background and nature of the dispute in this case. The court has made no findings of facts pertaining to the underlying merits of this case, and, because subject matter jurisdiction is lacking, the court will make no findings of fact now or in the future. The court, in granting Defendants' motion to dismiss, referred to both the complaint and to the facts set forth in Defendants' motion to dismiss to establish a factual context for the discussion of the motion to dismiss. Then, as now, the court points out that any factual background provided is for illustrative purposes and is not dispositive of the case because subject matter jurisdiction is lacking. Plaintiff contends a number of statements made by Defendants are false or misleading; principally statements that pertain to the existence of a deed of trust that may or may not have legitimately been held by Bank of the Sierra. Again, the factual predicates of this case are not relevant to its outcome. To put it bluntly, while the parties may dispute whether there was a deed of trust, a default on a loan, or a proper

foreclosure sale, these contentions do not concern the court because the court has no jurisdiction over this case. This is not a federal case and Plaintiff may not resolve his claims against Defendants in this court.

Plaintiff has, during the pendency of this motion, filed a request for entry of default against Defendants. The court cannot entertain a request for default because Defendants' motion to dismiss was granted prior to the request for default and the case has been closed. The request for default will be disregarded.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the findings is DENIED.
2. Plaintiff's request for default is to be DISREGARDED as improperly filed and the clerk of the court shall remove any original filing from the file and return same to Plaintiff.
3. The clerk shall remove from the file the document titled "Exhibit A" from the file and shall substitute in its place the submission titled "Redacted Information to be Substituted in Filings of January 14 and February 14, 2005." Any copies of "Exhibit A" remaining in the case file shall be removed and returned to Plaintiff.
4. The case remains closed. The Clerk of the Court shall accept no further filings pertaining to this case.

IT IS SO ORDERED.

**Dated:     July 15, 2005**                                **/s/ Anthony W. Ishii**
h2ehf                                                                UNITED STATES DISTRICT JUDGE